IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL ZACHARY WHITECRANE,<br><br>Defendant. | CR 20–114–BLG–DLC<br><br><br><br>ORDER |

Before the Court is the United States' Motion and Brief of the United States for Issuance of a Preliminary Order of Forfeiture. (Doc. 27.) The United States' requests that this Court enter a preliminary order of forfeiture as to Mr. Whitecrane's Taurus, model G2S, 9mm luger semi-automatic pistol (S/N: TLS35908). (Doc. 27 at 2.) The Court will deny the motion as moot.

In the federal system, the process of criminal forfeiture is a rigid, step-by-step process. And for good reason—the forfeiture process divests criminal defendants of their rights in certain property—something that should not be taken lightly. First, the United States must notify the defendant, in the charging indictment or information, "that [it] will seek the forfeiture of property as part of any sentence in accordance with the applicable statute." Fed. R. Crim. P. 32.2(a).

1

Second, "[i]f the defendant is convicted on a count supporting forfeiture (by statute), then the government may move for entry of a preliminary order of forfeiture." *United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1144 (9th Cir. 2011) (citing Fed. R. Crim. P. 32.2(b)). Upon receiving this motion, the Court then determines whether any property is validly subject to forfeiture, and, if so, enters a preliminary order of forfeiture encompassing it. *Id.*

Third, after the entry of a preliminary order of forfeiture, the United States is obligated publish notice and send such notice to "any person who reasonably appears to be a potential claimant with standing to contest the forfeiture." Fed. R. Crim. P. 32.2(b)(6). This step is important because it can trigger the filing of petitions by interested third parties, which in turn commences ancillary proceedings through which such petitions are adjudicated. *Id.* 32.2(c). Finally, if all goes well, the preliminary order of forfeiture becomes final as to the defendant at sentencing, subject, however, to the adjudication of any third-party ancillary proceedings described above. *Id.* 32.2(b)(4)(A). This forfeiture order must be included in the final judgment either "directly or by reference." *Id.* 32.2(b)(4)(B).

Here, the United States never made it past the first step. Despite the inclusion of a forfeiture allegation in its Indictment (Doc. 1 at 2), the United States never moved for a preliminary order of forfeiture prior to sentencing. There was ample time to do so, Mr. Whitecrane was adjudged guilty on November 4, 2020

2

(Doc. 20), nearly 4 months before sentencing. Nonetheless, the Court discussed this with the parties during sentencing and given the absence of any objection from Mr. Whitecrane to the imposition of forfeiture, ordered him to forfeit a Taurus, model G2s, 9mm caliber semi-automatic pistol, Serial Number TLS35908. (Doc. 23.) This forfeiture order was included in the final judgment. (Doc. 25 at 7.)

Consequently, the Court finds the commencement of preliminary forfeiture proceedings at this juncture not only violative of the Federal Rules of Criminal Procedure, but unnecessary. Mr. Whitecrane has been ordered to forfeit to the United States his interest in the property which forms the basis of the United States' motion. (Docs. 25 at 7; 27 at 2.)

Accordingly, IT IS ORDERED that the motion (Doc. 27) is DENIED as moot.

DATED this 22nd day of March, 2021.

_____
Dana L. Christensen, District Judge
United States District Court