IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL ZACHARY WHITECRANE,<br><br>Defendant. | CR 20-114-BLG-DLC-TJC<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING REVOCATION OF SUPERVISED RELEASE** |

A petition filed in this case alleges that Defendant violated the conditions of his supervised release. Judge Christensen referred the matter to the undersigned to conduct a final hearing and issue findings and recommendations. (Doc. 49.)

On June 11, 2025, the Court conducted the final revocation hearing. Defendant admitted all violations. As discussed below, it is recommended that Defendant's supervised release be revoked, and that the Court sentence Defendant to ten (10) months incarceration, with no supervised release to follow.

## I.  BACKGROUND

In 2020, Defendant pled guilty to the offense of being a prohibited person in possession of a firearm. (Doc. 16.) On March 17, 2021, the Court sentenced him to 30 months imprisonment, followed by 24 months supervised release. (Doc. 25.) Defendant began serving his term of supervised release on August 1, 2022.

1

On February 16, 2023, Defendant's supervised release was revoked for his failure to report to substance abuse testing; failure to maintain full time employment; commission of a federal, state, or local crime; interaction with someone engaged in criminal activity; failure to report to the probation office; and failure to appear for mental health treatment. (Doc. 42.) He was sentenced to a custodial term of six (6) months, followed by 18 months of supervised release. Defendant began his current term of supervised release on February 7, 2024.

On April 16, 2025, the United States Probation Office filed the petition now at issue. The petition alleges that Defendant violated three conditions of his supervised release and provides a brief explanation of each violation. (Doc. 47.) Based on the petition, Judge Christensen issued a warrant for Defendant's arrest. (Doc. 48.) On June 3, 2025, Defendant was arrested. (*See* Doc. 50.) On June 5, 2025, Defendant made an initial appearance. (Doc. 51.) The Court remanded Defendant to the custody of the United States Marshal Service pending the final revocation hearing. (*Id.*)

## II.  FINAL REVOCATION HEARING

Defendant appeared at the revocation hearing represented by Steven Babcock. Colin Rubich represented the United States. The undersigned explained the findings and recommendations procedure to Defendant, including his right to object to the findings and recommendations, and the right to appear and allocute

before Judge Christensen prior to final imposition of sentence. After consenting to proceed, Defendant admitted all the violations as alleged in the petition.

The undersigned accepted the admissions and proceeded to sentencing. The undersigned calculated that Defendant's violation grade is C, his criminal history category is V, and the underlying offense is a class C felony. Under those circumstances, the statutory maximum sentence is 24 months incarceration, and the United States Sentencing Guidelines call for 7–13 months incarceration. Defendant could also be sentenced to as much as 30 months supervised release, less any incarceration time imposed. Counsel for the United States and Defendant's counsel agreed with those calculations.

Counsel for the United States requested a custodial sentence of 13 months, with no supervised release to follow. Defendant's counsel requested a custodial sentence of 8 months, with no supervised release to follow.

## III.   ANALYSIS

Based on Defendant's admission to the violations of his conditions of supervised release, his supervised release should be revoked. The Court should sentence Defendant to a term of ten (10) months custody, with no supervised release to follow.

/ / /

/ / /

The undersigned has considered all the 18 U.S.C. § 3553(a) factors that are applicable to revocation of supervised release, including the nature and circumstances of the violations and the history and characteristics of the defendant.

With respect to the nature and circumstances of the violations, Defendant's current violations involve failure to participate in substance abuse treatment, use of controlled substances, and failure to follow the instructions of the probation officer. None of his violations involve new criminal conduct, other than his use of controlled substances. The violations occurred within a very short period after an extended period of compliance, and do not warrant a sentence at the high end of the revocation guideline range.

With respect to Defendant's history and characteristics, Defendant has a significant criminal history. When Defendant was sentenced for the underlying offense at age 33, he had attained a criminal history category of V. His prior convictions included multiple convictions for partner family member assault, driving while intoxicated, and possession of controlled substances. As for his history on supervision, Defendant has done very poorly on state supervision and has had his probation or parole revoked on numerous occasions. He has also not done well on federal supervision. A revocation petition was filed approximately one month into his first period of supervision. On his second term of supervision, however, Defendant was employed and did well with no violations for over a year.

It appears he then relapsed with using controlled substances, and the other violations quickly followed.

The undersigned has also considered the need to afford adequate deterrence to criminal conduct and protect the public from further violations. On his first revocation, Defendant was given a sentence at the low end of the revocation range (six months). It appears this sentence did provide a degree of deterrence, at least for approximately one year. Hopefully, a term of ten months incarceration will similarly provide deterrence for future criminal conduct and protect the public from further crimes.

Finally, the undersigned has considered the need for future educational and correctional treatment. Defendant would benefit from additional treatment and programming to address his substance abuse problem, and to establish a positive path forward. Nevertheless, he will be under supervision by the state of Montana for the next three and a half years, and duplicate supervision by the United States would not be of any benefit to Defendant or the public.

Therefore, a sentence of ten (10) months incarceration with no supervised release to follow is sufficient, but not greater than necessary, to accomplish the purposes set forth in 18 U.S.C. § 3553(a).

/ / /

/ / /

## IV. CONCLUSION

Defendant was advised that the above sentence would be recommended to Judge Christensen, and he was reminded that he has the right to object to these Findings and Recommendations within 14 days of their issuance. He was also reminded that he has the right to appear and allocute before Judge Christensen prior to final imposition of sentence.

Based on Defendant's admissions at the hearing, the Court makes the following FINDINGS:

1. Defendant violated the mandatory condition that he must not unlawfully possess a controlled substance when he provided a urinalysis test on March 24, 2025, that was positive for methamphetamine and alcohol.

2. Defendant violated the special condition that he must participate in substance abuse treatment when Alternatives Inc. contacted Defendant's probation officer on April 8, 2025, and April 11, 2025, to advise that they had been unable to make contact with Defendant to complete his intake for treatment services; and Defendant subsequently failed to complete his intake.

3. Defendant violated the standard condition that he must report to the probation officer as instructed when Defendant's probation officer contacted Defendant on April 9, 2025, and instructed him to report to the Probation Office,

///

but Defendant failed to report, and his whereabouts were unknown at the time the revocation petition was filed.

Accordingly, IT IS RECOMMENDED that the Court should revoke Defendant's supervised release, and sentence Defendant to a term of ten (10) months incarceration, with no supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). Judge Christensen will make a *de novo* determination regarding any portion of the Findings and Recommendations to which objection is made. Judge Christensen may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Regardless of whether objections to the Findings and Recommendations are made, Defendant has the right to appear and allocute before Judge Christensen, prior to the Court's action on the Findings and Recommendations. *United States v. Gray*, 905 F.3d 1145, 1149 (9th Cir. 2018).

DATED this 11th day of June, 2025.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge